IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FREDERICK A. MILLS                                                                      PLAINTIFF

V.                          No. 3:11CV00154 JLH-BD

CLAY COUNTY DETENTION CENTER, et al.                              DEFENDANTS

### ORDER

Plaintiff Frederick A. Mills, a detainee at the Clay County Detention Center, filed a pro se complaint (docket entry #2) under 42 U.S.C. § 1983. He also filed a motion for leave to proceed *in forma pauperis* (#1). Mr. Mills's motion to proceed *in forma pauperis* (#1) is DENIED.

The Prison Litigation Reform Act requires Mr. Mills to submit a complete application to proceed *in forma pauperis*, with an attached calculation sheet that shows deposits into his inmate trust account. 28 U.S.C. § 1915(a). Mr. Mills has not filed an application that includes a calculation sheet with a trust fund account statement meeting the requirements of 29 U.S.C. § 1915(a).

If Mr. Mills wishes to proceed with this lawsuit, he must submit a new request to proceed *in forma pauperis* or pay the filing fee of $350.00 within thirty days of this Order. The Clerk of Court is directed to send Mr. Mills an application to proceed *in forma pauperis*, along with a copy of this Order. The Clerk also is directed to send a copy of this Order to the Warden/Director of the Clay County Detention Center, 268 South Second, Piggott, Arkansas 72454.

Federal courts are required to screen prisoner complaints that seek relief against a government entity, officer, or employee. 28 U.S.C. § 1915A. The Court must dismiss any part of a complaint raising a claim that: (a) is legally frivolous or malicious; (b) fails to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A.

Here, Mr. Mills names the Defendants only in their official capacities. Defendants are all employees of Clay County. Claims against individuals in their official capacities are the same as claims against the entity for which they work – in this case, Clay County, Arkansas. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims require allegations and proof that a county policy or custom caused the constitutional violation. *Id.*; see also *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). In his complaint, Mr. Mills does not point to any unconstitutional policy or custom of Clay County that caused him injury.

Mr. Mills also names the Clay County Detention Center as a Defendant. A county jail cannot be sued under § 1983. See *La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983). See *e.g. Powell v Cook County Jail*, 814 F.Supp. 757 (N.D. Ill. 1993) (jail not subject to suit under § 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is

amendable to suit"). For that reason, Mr. Mills's claims against the Clay County Detention Center must be dismissed.

Mr. Mills is ordered to file an amended and substituted complaint within thirty days specifically identifying those individuals who violated his constitutional rights and the rights violated. He must also explain what injury he sustained as a result of each individual's conduct. Mr. Mills must also clarify whether he is suing the Defendants in their individual or official capacities.

Failure to comply with this Order may result in the dismissal of this action. See Local Rule 5.5

IT IS SO ORDERED this 8th day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE